UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

THELMA KIMMONS,
Plaintiff,
v.
NFL ENTERPRISES LLC,
Defendant.

Case No. 26-cv-10036-JSC

**ORDER REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT**

Re: Dkt. No. 14

Plaintiff Thelma Kimmons filed this putative class action against NFL Enterprises LLC, alleging it installs third-party trackers on individuals' internet browsers when they visit the website nfl.com in violation of the Federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*, and various California laws. Plaintiff initially filed the complaint in the Alameda County Superior Court and Defendant removed it based on federal question jurisdiction and under the Class Action Fairness Act, 28 U.S.C. § 1332(d). (Dkt. No. 1.)

After a review of the Complaint raised concerns about the Court's subject matter jurisdiction, Defendant was ordered to show cause (OSC) as to why this action should not be remanded to the Alameda County Superior Court based on Plaintiff's failure to allege facts which support an inference she suffered a concrete injury for purposes of Article III standing. (Dkt. No. 13.) Defendant's response to the OSC does not purport to show Article III standing for Plaintiff and, to the contrary, Defendant "has no objection to remand." (Dkt. No. 14 at 3.) Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case shall be remanded." 28 U.S.C. § 1447(c). "[T]he literal words of § 1447(c) [ ] on their face, give ... no discretion to dismiss rather than remand an action" and instead "declares that, where subject matter jurisdiction

is lacking, the removed case 'shall be remanded.'" *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991). While "[a] narrow futility exception to this general [remand] rule permits the district court to dismiss an action rather than remand," it is only where "there is absolute certainty that the state court would dismiss the action following remand." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189 (9th Cir. 2022) (cleaned up, emphasis added). Defendant has not shown dismissal is an absolute certainty and the Court follows the mandate of Section 1147(c) and remands this action to state court.

Accordingly, this action is REMANDED to the Alameda County Superior Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: October 21, 2026

JACQUELINE SCOTT CORLEY
United States District Judge